UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JUDAH HARGROVE,<br>Petitioner,<br><br>vs.<br><br>WARDEN, LEBANON<br>CORRECTIONAL INSTITUTION,<br>Respondent. | Case No. 1:16-1011<br><br>Dlott, J.<br>Litkovitz, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Lebanon Correctional Institution, in Lebanon, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is before the Court on respondent's motion to dismiss (Doc. 6), and petitioner's responses in opposition (Docs. 7 & 8).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On February 20, 2014, the Hamilton County, Ohio, grand jury returned a fourteen-count indictment, in Case No. B-1400698,[1] charging petitioner with one count each of attempted robbery and misuse of credit cards; two counts each of attempted kidnapping, kidnapping, and breaking and entering; and three counts each of robbery and receiving stolen property. (Doc. 5, Ex. 1). Petitioner, through counsel, entered a plea of not guilty to all counts. (Doc. 5, Ex. 2).

---

[1]Petitioner states that the trial court merged Case No. B-1400698 with Hamilton County Case No. B-1400958, wherein he was charged with one count of receiving stolen property. (*See* Doc. 3 at PageID 29). However, a review of the docket in Case No. B-1400958, available at the Hamilton County Clerk of Court's website, reveals that petitioner pleaded guilty in that case on March 10, 2015, and that a separate judgment was entered in that case on March 24, 2015. The Court may take judicial notice of court records that are available on-line to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)). In this federal habeas case, petitioner challenges only the judgment in Case No. B-1400698. (*See* Doc. 3 at PageID 28).

Petitioner subsequently withdrew his not-guilty plea and pleaded guilty to one count of attempted robbery, one count of misuse of credit cards, two counts of breaking and entering, three counts of robbery, and three counts of receiving stolen property. (Doc. 5, Ex. 3). The remaining four counts were dismissed. (Doc. 5, Ex. 4 at PageID 66). On March 25, 2015, petitioner was sentenced to a total aggregate prison sentence of twelve years in the Ohio Department of Corrections. (Doc. 5, Ex. 4 at PageID 67).

### Direct Criminal Appeal

Petitioner, then proceeding pro se, filed a notice of appeal to the Ohio Court of Appeals, First District, on April 14, 2015. (Doc. 5, Ex. 5). On the same date, petitioner filed a pro se "Motion for Preparation of Complete Transcript of Proceedings at State Expense." (Doc. 5, Ex. 6). On April 16, 2015, the Ohio Court of Appeals placed the case on the accelerated calendar, ordering, in relevant part, that the complete record be filed on or before June 3, 2015. (Doc. 5, Ex. 7). On April 30, 2015, the Ohio Court of Appeals granted petitioner's motion to have the transcript prepared at the state's expense. (Doc. 5, Ex. 8).

On May 11, 2015, the Ohio Court of Appeals appointed appellate counsel for petitioner. (Doc. 5, Ex. 9). On the same date, petitioner filed a "Motion Requesting for Time Extension for Transmission of Record." (Doc. 5, Ex. 10). Although the Ohio Court of Appeals granted the motion for extension, its entry continued to indicate June 3, 2015, as the due date for the transcript of proceedings. (*See* Doc. 5, Ex. 11).

On June 9, 2015, petitioner filed a pro se "Motion for Clarification of Entry Granting Extension of Time File [sic] the Transcript of Proceedings." (Doc. 5, Ex. 12). Thereafter, petitioner filed a pro se "Motion to Strike the Brief Filed by [appointed appellate counsel] Mary

2

Elaine Hall." (Doc. 5, Ex. 13). The Ohio Court of Appeals construed the motion to strike as a motion to proceed pro se on appeal and granted it on June 24, 2015. (Doc. 5, Ex. 14). In the same entry, the Ohio Court of Appeals extended the date for filing the transcript of proceedings to July 10, 2015. (*Id.*). Petitioner asserts that he never received a copy of the Ohio Court of Appeals' June 24, 2015, entry. (*See* Doc. 7 at PageID 215; Doc. 8 at PageID 222).

On July 30, 2015, petitioner filed a "Notification to Court," contending that counsel had "refused to contact, consult and communicate with [him]" and that petitioner wanted to raise the following two issues on appeal:

**ASSIGNMENT OF ERROR NO. 1**
THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHT TO THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN THE TRIAL COURT REFUSED THE APPELLANT HIS RIGHT TO SELF REPRESENTATION UNDER *Faretta v. California*, 422 U.S. 806 (1975).

\*\*\*

**ASSIGNMENT OF ERROR NO. 2**
TRIAL COURT ERRED IN IMPOSING EXCESSIVE AND CONSECUTIVE SENTENCES WITHOUT HAVING MADE STATUTORILY MANDATED FINDINGS UNDER OHIO REVISED CODE § 2929.14(C)(4)(a)-(c).

(Doc. 5, Ex. 15 at PageID 92, 94).

On August 10, 2015, the Ohio Court of Appeals dismissed the appeal for petitioner's failure to comply with Ohio App. R. 9(B)'s requirement that he file the transcript of proceedings. (Doc. 5, Ex. 16). Petitioner did not appeal to the Ohio Supreme Court. (*See* Doc. 6 at PageID 195-96)[2]. Rather, on September 2, 2015, petitioner filed a "Motion for Time Extension to File [an

---

[2] In his federal habeas petition, petitioner contends that he filed a direct appeal to the Ohio Supreme Court. (*See* Doc. 3 at PageID 30). However, the case number he cites (No. 2015-1709) is the case number for his appeal to

3

Ohio App. R. 26(A)] Application for Reconsideration" and a proposed Rule 26(A) "Motion for Reconsideration." (Doc. 5, Exs. 17 & 18). Therein, petitioner sought to reinstate his appeal because "it was appellate counsel's, and not his responsibility, to see to it that all motions, orders, a complete transcript, etc., were properly transmitted, certified and filed before the Court." (Doc. 5, Ex. 18 at PageID 109). The Ohio Court of Appeals denied the Rule 26(A) application for reconsideration on September 10, 2015, finding that it "[was] not well taken." (Doc. 5, Ex. 19). Petitioner appealed the denial of his Rule 26(A) application for reconsideration to the Ohio Supreme Court on October 22, 2015. (Doc. 5, Ex. 20). In his memorandum in support of jurisdiction, he stated: "The Appellant had a constitutional right to effective assistance of counsel on his direct appeal of right. *Evitt v. Lucey*, 469 U.S. 389." (Doc. 5, Ex. 21 at PageID 115). On January 20, 2016, the Ohio Supreme Court "decline[d] to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4)." (Doc. 5, Ex. 22).

**Application to Reopen Direct Appeal**

On November 16, 2015, petitioner filed a pro se application to reopen his direct criminal appeal pursuant to Ohio App. R. 26(B), raising the following issues: (1) "[w]hether [a]ppellant had a constitutional right to effective assistance of counsel on his direct appeal of right"; (2) "[w]hether [a]ppellant's consecutive sentence of twelve (12) years is contrary to law"; (3) "[w]hether the [a]ppellant was entitled to conflict-free representation"; and (4) "[w]hether [a]ppellant had a constitutional right to self-representation." (Doc. 5, Ex. 23 at PageID 138-42).

On January 29, 2016, the Ohio Court of Appeals denied the application on the grounds

---

the Ohio Supreme Court from the denial of his September 2, 2015, Ohio App. R. 26(A) application for reconsideration. (*See* Doc. 5, Ex. 22).

4

that it was unjustifiably untimely. (Doc. 5, Ex. 24). On February 2, 2016, petitioner filed a "Motion for Summary Judgment," seeking relief "with respect to each issue he raised in his application for reopening." (Doc. 5, Ex. 25 at PageID 145). On February 29, 2016, the Court of Appeals denied the motion for summary judgment as moot because the application for reopening had already been denied. (Doc. 5, Ex. 26). On March 16, 2016, petitioner filed a "Motion for Reconsideration," which the Ohio Court of Appeals denied on March 17, 2016. (Doc. 5, Exs. 27 & 28). Petitioner did not appeal to the Ohio Supreme Court. (*See* Doc. 3 at PageID 32).

**Mandamus Petition**

On March 21, 2016, petitioner filed a pro se "Complaint" in the Ohio Supreme Court for a writ of mandamus against the Hamilton County Clerk of Courts and the First District Court of Appeals, raising the following two issues: (1) "The Hamilton County Clerk of Court has refused to serve the Relator, Judah Hargrove, (hereinafter Hargrove) a certified time-stamped copy of the judgment entry entered by the appellate court on January 29, 2016"; and (2) "the Office of the Clerk of Court purposely fail[ed] to timely file Hargrove's Motion for Summary Judgment which led it to being overruled by the appellate court on February 29, 2016." (Doc. 5, Ex. 29 at PageID 152). The Hamilton County Clerk of Courts filed a response in opposition on April 5, 2016. (Doc. 5, Ex. 30). On April 13, 2016, petitioner filed a "Motion [f]or Leave [t]o Amend Complaint." (Doc. 5, Ex. 31). On April 15, 2016, the First District Court of Appeals filed a motion to dismiss. (Doc. 5, Ex. 32). On June 15, 2016, the Ohio Supreme Court granted the First District Court of Appeals' motion to dismiss, denied petitioner's motion to amend, and dismissed the cause. (Doc. 5, Ex. 33).

5

## Federal Habeas Corpus Petition

On September 2, 2016, petitioner commenced the instant federal habeas corpus action.[3] (*See* Doc. 3 at PageID 44). He raises the following single ground for relief in the petition:

> **GROUND ONE:** My Sixth Amendment Right to receive effective counsel on my direct appeal was denied unconstitutionally[.]
>
> Supporting facts: On April 7, 2015, I prosecuted my direct appeal from the trial court's March 10, 2015 judgment entry. I filed my Notice of Appeal (b) Affidavit Of Indigency, (c) Statement, Praecipe and Notice to the Court Reporter and (d) Criminal Docketing Statement pro se. Each of those document(s) were certified and filed on the trial court's journal docket by the clerk of court on April 27, 2015. There was an issue revolving around the motion I filed requesting for a complete transcript of the proceedings to be provided me at state's expense. On April 29, 2015, I received a letter from the clerk of court indicating that my request for a transcript could not be processed. In response I informed the [sic] through correspondence of the difficulty I was experiencing involving the court reporter's reluctance to provide me a transcript. The former presiding judge, Judge Sylvia Hendon, entered an order granting my motion for a complete transcript of the proceedings on April 30, 2015. I filed a motion requesting for additional time to complete the record pursuant to Oh.App.R. 9. I was exercising every precaution to prevent my direct appeal from being dismissed as the reviewing court forewarned me it would do in the event I failed to meet the condition(s) set forth in the admonitions attached to the court's initial scheduling order.
>
> Judge Hendon entered an Order granting my request for time extension to file the transcript on May 12, 2015. However, the new scheduling order issued by her did not adjust the initial deadlines set forth on the journal of the court on April 16, 2015. Subsequently, I filed a Motion for Clarification Of Entry Granting Time Extension to File Transcript to bring the issue to the court's attention. However, Judge Hendon never addressed the merits of that motion.
>
> In addition to granting the time extension to complete the record the presiding judge appointed me an appellate attorney on May 11, 2015. But because counsel remained unresponsive after I repeatedly attempted to correspond with her through

---

[3]The petition was filed with the Court on October 20, 2016. (*See* Doc. 3). However, petitioner executed the petition on September 2, 2016. (*See* Doc. 3 at PageID 44). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). It is presumed for purposes of respondent's motion to dismiss (Doc. 6) that the federal habeas corpus petition was "filed" on September 2, 2016, the date petitioner executed it.

> letter and phone to discuss the prospective issue(s) I desired for [her] to consider raising in my brief, I filed a Notification with the presiding judge informing her that Mrs. Mary Elaine Hall (#0051832) had refused to contact, consult, and communicate with me since she was assigned to my case. The implications of the notification clearly pointed out that since the court granted my request for a sixty (60) day time extension to complete the record and appellate counsel was appointed the day prior to the court granting that motion, I believed that Mrs. Hall had more than enough time to both see to it that the record was complete and timely file my brief. However, the trial record clearly reveals that she did not do neither, which compelled me to file my own brief without the benefit of a complete transcript.

(Doc. 3 at PageID 34-36).

Respondent has filed a motion to dismiss the petition, arguing that petitioner's claim of ineffective assistance of appellate counsel is without merit and, in any event, procedurally defaulted. (Doc. 6). Petitioner has filed two, nearly identical, responses in opposition. (Docs. 7 & 8). Because, for the reasons set forth below, petitioner has failed to exhaust his ineffective-assistance-of-appellate-counsel (IAAC) claim and a state remedy appears to remain in the form of a delayed direct appeal to the Ohio Supreme Court, pursuant to S. Ct. Prac. R. 7.01(A)(4)(a), the undersigned recommends that the instant federal habeas petition be administratively stayed and terminated on the Court's active docket while petitioner is afforded the opportunity to fully exhaust his state court remedies and that respondent's motion to dismiss (Doc. 6) be denied without prejudice subject to refiling if and when appropriate.

## II. THE PETITION SHOULD BE STAYED SO THAT PETITIONER MAY EXHAUST HIS STATE COURT REMEDIES.

Although respondent does not address whether petitioner properly exhausted his state remedies with respect to his IAAC claim, this Court may *sua sponte* address the issue in the absence of the State's express waiver of the defense. *See Clinkscale v. Carter*, 375 F.3d 430,

436-37 (6th Cir. 2004); *Eakes v. Sexton*, 592 F. App'x 422, 430-31 (6th Cir. 2014); *see also Smith v. Saxton*, No. 1:16cv606, 2016 WL 3625510, at *1 (W.D. Mich. July 7, 2016) (unpublished) (citing *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970)) ("The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.").

A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for a writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer*, 481 U.S. 129, 131 (1987).

In Ohio, "[c]laims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals [now an App. R. 26(B) application for reopening] or in a direct appeal to the Supreme Court pursuant to Section 2(B)(2)(a)(iii), Article IV of the Ohio Constitution." *State v. Green*, Nos. 2008-A-0009, 2008-A-0010, 2008 WL 4216426, at *2 (Ohio Ct. App. 11 Dist. Sept. 12, 2008) (unpublished) (quoting *State v. Murnahan*, 584 N.E.2d 1204, 1205 (Ohio 1992), *superseded on other grounds by rule as stated in State v. Davis*, 894 N.E.2d 1221, 1223-1225 (Ohio 2008)) (alteration in original). Because petitioner has not pursued a direct appeal to the Supreme Court of Ohio, he may still be able to obtain state supreme court review of the IAAC claim presented in his federal habeas petition by way of a motion for delayed appeal to the Supreme Court of Ohio. *See* S. Ct. Prac. R. 7.01(A)(4)(a) (providing that "[i]n a felony case, when the time has expired for filing a notice of appeal in the Supreme Court, the appellant may file a delayed appeal by filing a notice of appeal and a motion for delayed appeal that complies with [the requirements of the Rule]").[4]

Here, petitioner did attempt to raise the ineffectiveness of his appellate counsel in his Rule 26(A) application for reconsideration. (*See* Doc. 5, Exs. 17 & 18). However, he raised the claim in the Ohio Court of Appeals solely as a state law claim. (*See* Doc. 5, Ex. 18 at Page ID 109 n.1).

---

[4] *See also Keeley v. Warden*, No. 2:15-cv-00972, 2016 WL 1642965, at *5-6 (S.D. Ohio Apr. 26, 2016) (unpublished) ("In Ohio, th[e] exhaustion requirement includes direct and delayed appeals to the Ohio Court of Appeals and the Ohio Supreme Court."); *Johnson v. Warden*, No. 1:09-cv-336, 2010 WL 2889056, at *9 & n.6 (S.D. Ohio June 23, 2010) (Wehrman, M.J.) (Report & Recommendation) ("Specifically, because petitioner never sought to appeal the Ohio Court of Appeals' December 2006 direct appeal decision to the Supreme Court of Ohio, he may still be able to obtain state supreme court review of the claims that were rejected by the Ohio Court of Appeals by way of a motion for delayed appeal to the Supreme Court of Ohio."), *adopted*, 2010 WL 2889057 (S.D. Ohio July 20, 2010) (Beckwith, J.) (unpublished); *but cf. Mills v. Hudson*, No. 3:08-cv-1974, 2009 WL 484181, at *1 (N.D. Ohio Feb. 25, 2009) (unpublished) (agreeing with and adopting the magistrate judge's report and recommendation, in which the magistrate judge concluded in part that the remedy of a delayed appeal to the Supreme Court of Ohio was "not available" to the petitioner because the petitioner could only request "*permission* to raise his claims" and thus had "no *right* to raise them") (emphasis in original).

Further, he did not comply with the requirements for bringing an IAAC claim in the Ohio Court of Appeals. *See State v. Davis*, No. 09CA19, 2009 WL 5247436, at *3 (Ohio Ct. App. 4 Dist. Dec. 24, 2009) (unpublished) (explaining that in the absence of the sworn declaration required by Ohio App. R. 26(B)(2)(d) the court "d[id] not have the option of treating [the defendant's] appeal . . . as an attempt to move for reopening under App. R. 26(B)). A petitioner does not fairly present a claim to the state courts when he presents it "in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Moreover, although petitioner raised the IAAC claim as a constitutional claim in his appeal to the Supreme Court of Ohio from the denial of his Rule 26(A) application for reconsideration (*see* Doc. 5, Ex. 21 at PageID 122-126), the Supreme Court of Ohio did not review the claim on the merits when it declined to accept jurisdiction of the appeal (*see* Doc. 5, Ex. 22). *See Davis*, 894 N.E.2d at 1225 ("When [the Supreme Court of Ohio] determines whether or not to accept jurisdiction in a particular case, it is not rendering a decision on the merits").

To the extent that petitioner raised his IAAC claim in his Rule 26(B) application to reopen, he filed the application to reopen outside of the ninety-day period specified by Ohio Rule of Appellate Procedure 26(B), and the Ohio Court of Appeals denied consideration of the application to reopen for failure to show good cause for the untimely filing. (*See* Doc. 5, Ex. 24). Petitioner then failed to appeal the denial of his Rule 26(B) application to reopen to the Ohio Supreme Court, and Ohio does not permit delayed appeals in Rule 26(B) proceedings. *See* S. Ct. Prac. R. 7.01(A)(4)(c).

Petitioner, therefore, did not present his IAAC claim to the state courts though available remedies to obtain review by the state's highest court. Because petitioner may still be able to do

so by pursuing a delayed direct appeal to the Ohio Supreme Court, his IAAC claim is unexhausted. *Cf. Goldberg v. Maloney*, 692 F.3d 534, 538 (6th Cir. 2012) (stating that "a defendant may raise the ineffective assistance of counsel issue in both a timely direct appeal and a timely application under Rule 26(B)); *see also Davis*, 894 N.E.2d at 1224 (stating that the Ohio Supreme Court decision not to review an IAAC claim is not a decision on the merits).

Requiring petitioner to exhaust the remedy of a delayed appeal to the Supreme Court of Ohio will serve the interests of federal-state comity by giving the state's highest court the opportunity to address the merits of the IAAC claim alleged in the petition. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989). Even if it is unlikely that the Supreme Court of Ohio will grant a motion for delayed appeal at this late juncture, the federal habeas court, out of an abundance of caution, should still provide the state court with the opportunity to exercise its discretion in favor of the availability of the remedy. *Cf. Sampson v. Love*, 782 F.2d 53, 58 (6th Cir. 1986).[5]

Because petitioner arguably has an available avenue of relief in the state courts to exhaust his IAAC claim, the Court must next address whether the petition should be dismissed without

---

[5]*See also Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009) (stating that whether a petitioner can meet the requirements for delayed relief "is for the state court to make"); *but cf. Reddick v. Brunsman*, No. C-1-04-674, 2007 WL 2143005, at *6 (S.D. Ohio July 18, 2007) (unpublished) (finding that petitioner procedurally defaulted his IAAC claim notwithstanding his failure to raise it on direct appeal to the Supreme Court of Ohio where the Court of Appeals denied the Rule 26(B) application to reopen on res judicata grounds); *Gordon v. Bradshaw*, No. 104-cv-2299, 2007 WL 496367, at *3, *15-16 & n.2 (N.D. Ohio Feb. 12, 2007) (unpublished) (excusing, as futile, the petitioner's failure to exhaust his IAAC claim in a delayed direct appeal to the Ohio Supreme Court where the Ohio Court of Appeals denied his Rule 26(B) application to reopen on the grounds that it was unjustifiably untimely and, alternatively, contained claims that were barred by res judicata and without merit and the Ohio Supreme Court declined further review of the Rule 26(B) application). However, unlike *Reddick* and *Gordon*, which were decided prior to *Davis, supra*, 894 N.E.2d at 1225, wherein the Supreme Court of Ohio clarified that "[w]hen [the Supreme Court of Ohio] determines whether or not to accept jurisdiction in a particular case, it is not rendering a decision on the merits," there has been no finding of res judicata by the state courts in this case that would bar future consideration of the IAAC issue.

prejudice to renewal upon petitioner's exhaustion of his state remedies, or whether the instant proceedings should be stayed and held in abeyance while petitioner exhausts his claims in the state courts. *Cf. Bridgeman v. Warden, Ohio State Penitentiary,* No. 3:12cv54, 2012 WL 5877527, at *4 (S.D. Ohio Nov. 20, 2012) (Ovington, M.J.) (Report & Recommendation), *adopted*, 2012 WL 6616352 (S.D. Ohio Dec. 19, 2012) (Rice, J.) (unpublished).

The stay-and-abeyance approach was first recognized by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), as a means of ensuring that the "the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement" for "mixed" petitions will not preclude habeas review of claims raised in a "timely but mixed petition in federal district court" that would be time-barred if the petitioner were required to file a new action after exhausting his state court remedies. *See Rhines*, 544 U.S. at 274-75. The procedure applies only in "limited circumstances." *Id.* at 277. Indeed, some courts, including lower courts within the Sixth Circuit, have declined to extend the *Rhines* stay-and-abeyance procedure to petitions, such as this, containing only unexhausted claims. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006); *Hust v. Costello*, 329 F. Supp.2d 377, 380 (E.D.N.Y. 2004) (and cases cited therein); *Warren v. Warren*, No. 2:13cv11234, 2013 WL 1875948, at *2 (E.D. Mich. May 3, 2013); *Sidibeh v. Buchanan*, No. 2:12cv558, 2012 WL 6568231, at *8 (S.D. Ohio Dec. 17, 2012) (King, M.J.) (Report & Recommendation), *adopted*, 2013 WL 80362 (S.D. Ohio Jan. 27, 2013) (Graham, J.); *Mimms v. Russell,* No. 1:08-cv-079, 2009 WL 890509, at *3 (S.D. Ohio Mar. 31, 2009); *but cf. Heleva v. Brooks*, 581 F.3d 187, 191–92 (3rd Cir. 2009) (holding that the district court erred in ruling that "*Rhines* confines the availability of stay-and-abeyance solely to mixed petitions" given that in

*Pace v. DiGuglielmo*, 544 U.S. 408 (2005), which was decided one month after *Rhines*, the Supreme Court "sanctioned the use of stay-and-abeyance in a context outside that of mixed petitions" in a case involving the petitioner's "reasonable confusion about state filing requirements"); *Hyman v. Keller*, No. 10-6652, 2011 WL 3489092, at *10-11 (4th Cir. Aug. 10, 2011) (same). Courts that have held a stay is inappropriate for petitions containing only unexhausted claims have reasoned that (1) the district court lacks jurisdiction over the petition while the petitioner pursues his claims in state court in the absence of "exhausted claims that could stay the petition;" and (2) "if district courts were to stay habeas petitions that were completely unexhausted in order to maintain their timeliness under the AEDPA, federal courts would be turned into a jurisdictional parking lot for unexhausted claims." *Hust*, 329 F. Supp.2d at 380 (internal citation and quotation marks omitted); *Warren, supra*, 2013 WL 1875948, at *2; *see also Hickman*, 191 F. App'x at 757.

However, in *Hickey v. Hoffner*, __ Fed. App'x ___, 2017 WL 2829523, at *4 (6th Cir. June 30, 2017), the Sixth Circuit recently considered the applicability of the stay-and-abeyance procedure in the case of a non-mixed petition containing only unexhausted claims. After observing that other circuits have found the procedure applicable in cases containing solely unexhausted claims, *see id.* at n.5, the Sixth Circuit remanded the case to the district court to determine, under *Rhines*, if the petitioner could show good cause for failing to raise his claims in the state court. If so, the Sixth Circuit directed, the district court should stay the petition and hold it in abeyance while the petitioner returned to the state court to exhaust his available remedies. *Id.*

In *Rhines*, the Supreme Court held that the district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible" with the AEDPA's "twin

13

purposes" of encouraging the finality of state court judgments and the petitioner's exhaustion of all claims in state court before seeking federal habeas relief. *See Rhines*, 544 U.S. at 276-77. The Court continued:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.* at 277. A stay is also not warranted "if a petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 278. It would likely be an abuse of discretion to deny a stay and dismiss the petition only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes "good cause" within the meaning of *Rhines*. *See, e.g., Williams v. Hurley*, No. 2:05-cv-985, 2006 WL 1650771, at *10-11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (discussing the split in authority as to whether "cause standard of *Rhines* requires a lesser showing than that for procedural default" and whether ineffective assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings"), *adopted*, 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J) (unpublished); *see also Tolliver v. Sheets*, No. 2:05-cv-1161, 2007 WL 2462650, at *17-18 (S.D. Ohio Aug. 27, 2007) (Smith, J.; King, M.J.) (unpublished).

As noted in *Pace, supra*, 544 U.S. at 416, the Supreme Court stated that a "petitioner's

14

reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a petition containing unexhausted claims in the federal court. Some courts have concluded that this statement in *Pace* supports a more expansive definition of good cause. *See, e.g., Tullis v. Kontah*, No. 2:06-cv-1025, 2007 WL 915197, at *5-6 (S.D. Ohio Mar. 26, 2007) (Graham, J.; King, M.J.) (unpublished) (citing Ninth Circuit decision in *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005), and *Baker v. Horn*, 383 F.Supp.2d 720, 747 (E.D. Pa. 2005)); *see also Hnatiuk v. Trombley*, No. 06-13880, 2008 WL 3305157, at *4 (E.D. Mich. Aug. 11, 2008) (unpublished) (quoting *Rhines v. Weber*, 408 F.Supp.2d 844, 849 (D. S.D. 2005) (on remand from Supreme Court's decision in *Rhines*)). In *Tullis*, after detailing the "broad and varied" split in authority, the Court concluded with the following quotation from *Riner v. Crawford*, 415 F.Supp.2d 1207, 1209-11 (D. Nev. 2006):

> [T]he discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support . . . [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Tullis, supra*, 2007 WL 915197, at *6.

In this case, the Court recommends that the petition should be stayed so that petitioner may attempt to exhaust his claim via a delayed direct appeal to the Ohio Supreme Court. The court is unable to conclude at this juncture that petitioner's unexhausted IAAC claim is "plainly meritless." *Cf. Johnson v. Scutt*, No. 11-cv-11782, 2011 WL 1792700, at *2 (E.D. Mich. May 11, 2011) (unpublished) (finding claims not to be "plainly meritless" for purposes of stay and

abeyance analysis where the claims were "federal claims and [were] cognizable on federal habeas review") (citing *Wagner v. Smith*, 581 F.3d 410, 419, nn. 4 & 5 (6th Cir. 2009)). Further, as petitioner claims that he was unaware until he received respondent's motion to dismiss that the Ohio Court of Appeals granted his construed motion to proceed pro se on appeal (*see* Doc. 7 at PageID 215; Doc. 8 at PageID 222), the Court cannot conclude at this time that petitioner engaged in abusive litigation tactics or intentional delay by not previously raising his IAAC claims on direct appeal to the Supreme Court of Ohio. *Rhines*, 544 U.S. at 277-78. Moreover, if the Court were to dismiss the petition without prejudice instead of staying the case, any subsequent petition filed by petitioner raising the IAAC claim alleged herein may be subject to dismissal on statute of limitations grounds.

Accordingly, in sum, after weighing the *Rhines* factors, and out of concern that the dismissal of the petition at this juncture might unreasonably impair future federal review of petitioner's ground for habeas corpus relief, it is **RECOMMENDED** that the instant federal habeas petition be **STAYED** while petitioner is afforded the opportunity to fully exhaust his state court remedies. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

In light of the undersigned's recommendation that this action be stayed, respondent's motion to dismiss (Doc. 6) should be **DENIED** without prejudice subject to refiling if and when appropriate.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition (Doc. 3) be administratively **STAYED** and **TERMINATED** on the

Court's **active docket** pending petitioner's exhaustion of his Ohio remedies. The stay should be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within **thirty (30) days** after fully exhausting his state court remedies through the requisite levels of state appellate review. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

2. Respondent's motion to dismiss (Doc. 6) should be **DENIED** without prejudice subject to refiling if and when appropriate.

3. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White*, No. 01-cv-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections*, 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn*, 115 F.3d 201, 203-206 (3d Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.[6]

---

[6] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/11/17

Karen L. Litkovitz
United States Magistrate Judge

---

has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUDAH HARGROVE,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-1011

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).