IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Judah Hargrove,

    Petitioner(s),

vs.

Warden, Lebanon Correctional Institution,

    Respondent(s).

Case Number: 1:16cv1011

Judge Susan J. Dlott

## ORDER

The Court has reviewed the Report and Recommendation of United States Magistrate Judge Karen L. Litkovitz filed on August 11, 2017 (Doc. 9), to whom this case was referred pursuant to 28 U.S.C. §636(b), and noting that no objections have been filed thereto and that the time for filing such objections under Fed. R. Civ. P. 72(b) expired August 25, 2017, hereby ADOPTS said Report and Recommendation.

Accordingly, the petition (Doc. 3) is administratively STAYED and TERMINATED on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. The stay is conditioned on petitioner's filing a motion to reinstate the case on the Court's active docket within 30 days after fully exhausting his state court remedies through the requisite levels of state appellate review. Petitioner is granted leave to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies based on a showing that he has complied with the conditions of the stay.

Respondent's motion to dismiss (Doc. 6) is DENIED without prejudice subject to refiling if and when appropriate.

A certificate of appealability will not issue under the standard set forth in *Slack v.*

*McDaniel*, 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White*, No. 01-cv-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections*, 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn*, 115 F.3d 201, 203-206 (3d Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" will not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case is stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.

With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court will certify pursuant to 28 U.S.C. §1915(a)(3) that an appeal of any Order adopting the Report and Recommendation will not be taken in "good faith," therefore DENYING petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

IT IS SO ORDERED.

                                                  s/Susan J. Dlott  
                                                  Judge Susan J. Dlott  
                                                  United States District Court