UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUDAH HARGROVE,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-1011

Judge Susan J. Dlott

**ORDER**

Petitioner, an inmate in state custody at the Lebanon Correctional Institution, in Lebanon, Ohio, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). On August 11, 2017, Magistrate Judge Litkovitz issued a Report and Recommendation, in which she recommended that the petition (Doc. 3) be administratively stayed and terminated on the Court's active docket pending petitioner's exhaustion of his Ohio remedies and that respondent's motion to dismiss (Doc. 6) be denied without prejudice subject to refiling if and when appropriate. (Doc. 9, at PageID 239-40). The parties were notified that objections were due within fourteen days after being served with a copy of the Report and Recommendation. (Doc. 9, at PageID 242). No objections were filed within the time permitted and, on September 5, 2017, after reviewing the Report and Recommendation, the Court adopted it. (Docs. 10, 11).

On September 14, 2017, petitioner filed a "Motion for Findings and Conclusions by the Court Amending Its Order and Making Additional Findings" (Doc. 12), which included petitioner's objections and a declaration from Billy Dee Baily, whom petitioner asserts is the prison librarian, stating that Baily "scanned [petitioner's] Objection on August 23, 2017, sending

it to the federal district court in Ci[n]cinnati, Ohio." (Doc. 12, at PageID 248, 250). Thereafter, on September 20, 2017, petitioner separately filed his "Objection." (Doc. 13). On September 20, 2017, petitioner also filed a second "Motion for Findings and Conclusions by the Court Amending Its Order and Making Additional Findings," again asking the Court to consider his objections. (Doc. 14). On January 26, 2018, petitioner filed a motion for a certificate of appealability. (Doc. 15).

Although petitioner's objections (Doc. 13) were received by the Court outside the time for filing objections, the Baily declaration included within petitioner's first motion for findings and conclusions (Doc. 12) reflects a date of August 23, 2017, for the submission of petitioner's objections to the Court. The Court applies the "mailbox rule," which holds that a prisoner's pleading is considered "filed" when it is given to prison authorities, and deems the objections timely filed. *See Houston v. Lack*, 487 U.S. 266, 273 (1988). The Court therefore withdraws its September 5, 2017, Order adopting the Report and Recommendation (Doc. 10) and will consider de novo petitioner's objections (Doc. 13) to the Report and Recommendation (Doc. 9).

In his objections, petitioner does not dispute that he has not exhausted his state court remedies. However, he argues that cause and prejudice and futility warrant an exception to the exhaustion requirement. (Doc. 13, at PageID 265-73). Petitioner has failed to establish any error in the Magistrate Judge's Report and Recommendation. Petitioner's cause and prejudice argument (*see* Doc. 13, at PageID 265-72) conflates the distinct concepts of procedural default and exhaustion. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (stating that "[e]xhaustion and procedural default . . . are distinct concepts"); *see also Johnson v. Glunt*, No. 14-2317, 2014 WL 5334078 (E.D. Pa Oct. 20, 2014) (explaining that "the cause and prejudice or

actual innocence exceptions to the procedural default rule are not applicable to the exhaustion requirement"). Petitioner's futility argument fails for the reasons stated in the Magistrate Judge's Report and Recommendation. (*See* Doc. 9, at PageID 234, citing *Sampson v. Love*, 782 F.2d 53, 58 (6th Cir. 1986) (reiterating that "where the state's remedial process is open to interpretation with respect to the availability of relief via that process, the state should be given an opportunity to adopt that interpretation")).

Alternatively, petitioner seeks a stay of his federal habeas action pending exhaustion. (*See* Doc. 13, at PageID 274). The Magistrate Judge's Report and Recommendation recommends that the petition be administratively stayed and terminated on the Court's active docket pending petitioner's exhaustion of his Ohio remedies. (Doc. 9, at PageID 239-40). Petitioner's alternative argument apparently concedes that the Magistrate Judge's recommendation of a stay pending petitioner's exhaustion of his Ohio remedies is appropriate.

Consistent with the foregoing, it is **ORDERED** that:

1. Petitioner's objections (Doc. 13) are deemed timely filed. Accordingly, the Court's September 5, 2017, Order adopting the Report and Recommendation (Doc. 10) and the concurrently filed judgment (Doc. 11) are hereby **WITHDRAWN**.

2. Having considered the Report and Recommendation (Doc. 9) in light of petitioner's objections (Doc. 13), the Court orders that petitioner's objections (Doc. 13) are **OVERRULED** and the Report and Recommendation (Doc. 9) is **ADOPTED** in its entirety.

3. Respondent's motion to dismiss (Doc. 6) is **DENIED** without prejudice subject to refiling if and when appropriate.

4. A certificate of appealability will not issue under the standard set forth in *Slack v.*

3

*McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended stay of the petition so that petitioner can exhaust available state court remedies. *Cf. Porter v. White*, No. 01-cv-72798-DT, 2001 WL 902612, at *3 (E.D. Mich. Aug. 6, 2001) (unpublished) (citing *Henry v. Dep't of Corrections*, 197 F.3d 1361 (11th Cir. 1999) (pre-*Slack* case)) (certificate of appealability denied when case dismissed on exhaustion grounds). *See generally Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Christy v. Horn*, 115 F.3d 201, 203-206 (3d Cir. 1997) (order staying habeas petition to allow exhaustion of state remedies is appealable collateral order). "Jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state court remedies and that the case should be stayed (as opposed to dismissed without prejudice) pending exhaustion of such remedies.

     5. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore **DENIES** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

     6. In light of the Court's findings, petitioner's motions for findings and conclusions (Docs. 12 & 14) and his motion for a certificate of appealability (Doc. 15) are **DENIED as moot**.

     **IT IS SO ORDERED.**


Date: February 21, 2018                        S/Susan J. Dlott_____
                                                          Susan J. Dlott, Judge
                                                          United States District Court