# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JUDAH HARGROVE,

              Petitioner,      :      Case No. 1:16-cv-1011

   - vs -                              District Judge Susan J. Dlott
                                      Magistrate Judge Michael R. Merz

Warden,
  Lebanon Correctional Institution

                             :

              Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Joshua Hargrove pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Motion for Reconsideration (ECF No. 35). The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the Southern District (ECF No. 36).

The Order on which Petitioner seeks reconsideration is that of January 4, 2019 (ECF No. 30). He adverts in the instant Motion to decisions in that Order on (1) a motion for relief from judgment and (2) a motion to expand the record (ECF No. 35, PageID 450).

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp.*

> v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.). *See also Louisville/Jefferson Cty. Metro Govt. v. Hotels.com L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).

**Motion to Expand the Record**

There is no decision in the Order dealing with a motion to expand the record. Indeed, there is no docketed motion in this case which includes "expand" in the title. Thus there is nothing to "reconsider" about expanding the record.

**Motion for Relief from Judgment**

In the order for which reconsideration is sought, the Court wrote:

> Petitioner has also filed several motions that appear to seek relief from another, long closed case in this Court, *Hargrove v. Haviland*, Case No. 02-cv-703 (S.D. Ohio). These motions (Docs. 24, 25, 27, 29) are not properly filed in this case and are DENIED.

(ECF No. 30, PageID 365).

The motions referred to in the quoted paragraph all relate to Petitioner's prior habeas corpus case in this Court, *Hargrove v. Haviland*. In the Motion to Convert, Petitioner sought to convert his prior motion for relief from judgment under Fed.R.Civ.P. 60(b)(4) or (6) to a motion under Fed.R.Civ.P. 60(d)(1) (ECF No. 24, PageID 317). The motion for which conversion was sought is the Motion for Relief from Void Judgment, referring to the judgment in the prior case

(ECF No. 25). The Motion for Certification of an Interlocutory Appeal (ECF No. 27) and the Motion for a Certificate of Appealability (ECF No. 29) also refer to the prior habeas case.

The Court should find no error warranting an amendment of the prior Order. Simply put, a litigant may not use the vehicle of a motion for relief from judgment under either Fed.R.Civ.P. 60(b)(4) or (6) or 60(d)(1) in one habeas corpus case to obtain relief from the final judgment in another habeas corpus case. Rather, any motion for relief from judgment in the prior case must be made in that case and not in this or any other federal case.

Because there was no error of law in the Order, the Motion for Reconsideration should be DENIED.

April 12, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).