# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JUDAH HARGROVE,

              Petitioner,    :    Case No. 1:16-cv-1011

- vs -                            District Judge Susan J. Dlott
                                        Magistrate Judge Michael R. Merz

WARDEN,
    Lebanon Correctional Institution,

              Respondent.

## DECISION AND ENTRY OVERRULING OBJECTIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 38) to the Magistrate Judge's Report and Recommendations (ECF No. 37) recommending that Petitioner's Motion for Reconsideration (the "Motion," ECF No. 35) be denied. Because the Motion sought reconsideration of a decision by a District Judge, the Magistrate Judge appropriately filed a Report and Recommendations, instead of purporting to decide the Motion himself. The District Court reviews the Report *de novo*. Fed.R.Civ.P. 72(b)(3).

The Motion sought reconsideration of the District Judge's denial of a motion, filed in this case, for relief from final judgment entered in *Hargrove v. Haviland*, Case No. 1:02-cv-703. The Magistrate Judge found no manifest error of law in that denial because "a litigant may not use the vehicle of a motion for relief from judgment under either Fed.R.Civ.P. 60(b)(4) or (6) or 60(d)(1) in one habeas corpus case to obtain relief from the final judgment in another habeas corpus case." (Report, ECF No. 37, PageID 479).

1

In his Objections, Hargrove says he is asking this Court to "independently review" the judgment in that older case pursuant to Fed.R.Civ.P. 60(d)(1)(Objections, ECF No. 38, PageID 481). He claims that in the prior case he was "denied the equal benefit of the law unlike any white citizen similarly situated." *Id.* He asserts that *United States v. Olano*, 507 U.S. 725 (1993), and *Rose v. Clark*, 478 U.S. 570 (1986), are intervening authority on which the Motion for Reconsideration should be granted. This is clearly in error. Both of those cases were decided long before judgment was entered in *Hargrove v. Haviland*, much less before the decision on which reconsideration is sought.

As authority for using one habeas case to attack the finality of the judgment in a prior case, Hargrove relies on *Workman v. Bell*, 227 F. 3d 331 (6th Cir. 2000). In that case, the fourteen-member en banc Sixth Circuit divided evenly on the question whether to reopen the appellate case by recalling the mandate; given the divided vote, the mandate was not recalled. Nothing in either opinion in *Workman* speaks to using Fed.R.Civ.P. 60(d)(1) in one habeas case to seek to reopen the judgment in another.

Hargrove complains that the Magistrate Judge cites "no authority in support of his assertion that Fed.R.Civ.P. 60(b)(4) or [60(b)] (6) or (d)(1) cannot be used in one habeas case to obtain relief from another habeas case," a contention he states should be regarded as "mere pontification." (ECF No. 38, PageID 483. The short answer is that neither the text of Rule 60 nor any interpretive case law cited by Hargrove says Rule 60 can be used that way. Such an interpretation would lead inevitably the judge shopping: if you don't like the first judge's decision, just ask another judge. Rather the proper way to obtain correction of asserted error in a federal district judge's decision is to appeal or to ask the original judge for relief from the judgment.

If Petitioner wishes to obtain relief from the final judgment in Hargrove v. Haviland, he must file his motion for relief in that case, not here.

The Objections to the Report and Recommendations are therefore OVERRULED and the Report is ADOPTED. Petitioner's Motion for Reconsideration is DENIED.

April 24, 2019.

*Susan J. Dlott*
Susan J. Dlott
United States District Judge