# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JUDAH HARGROVE,

            Petitioner,      :      Case No. 1:16-cv-1011

  - vs -                         District Judge Susan J. Dlott
                                   Magistrate Judge Michael R. Merz

WARDEN,
  Lebanon Correctional Institution,

                                   :

            Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss (ECF No. 32) which Petitioner opposes (Petitioner's 2nd Reply, ECF No. 34). Respondent has not filed a reply memorandum in support and the time within which to do so under S. D. Ohio Civ. R. 7.2 has expired. The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the workload in the District.

In his Petition, Hargrove reports that he is seeking relief from convictions for robbery, receiving stolen property, breaking and entering for which he was sentenced to twelve years imprisonment (Petition, ECF No. 3, PageID 28.) These convictions occurred on Hargrove's guilty plea in Hamilton County Court of Common Pleas Case No. B-1400698 on March 10, 2015. *Id.* Hargrove appealed to the First District Court of Appeals which dismissed the appeal on August 10, 2015. *Id.* at PageID 30. Hargrove appealed further to the Supreme Court of Ohio which declined to accept jurisdiction in *State v. Hargrove,* Case No. 2015-1709 (2016). Hargrove filed his habeas corpus Petition here on October 20, 2016.

On September 5, 2017, District Judge Dlott stayed consideration of this case pending Hargrove's exhaustion of state court remedies (ECF No. 10). On January 4, 2019, Judge Dlott dissolved the stay and granted Respondent leave to re-file his motion to dismiss (ECF No. 30).

In his Petition, Hargrove pleads one ground for relief:

> **Ground One**: My Sixth Amendment right to receive effective counsel on my direct appeal was denied unconstitutionally.
>
> **Supporting Facts:** On April 7, 2015, I prosecuted my direct appeal from the trial court's March 10, 2015 judgment entry. I filed my Notice of Appeal (b) Affidavit of Indigency, (c) Statement, Praecipe and Notice to the Court Reporter and (d) Criminal Docketing Statement pro se. Each of those document(s) were certified and filed on the trial court's journal docket by the clerk of court on April 27, 2015. There was an issue revolving around the motion I filed requesting for a complete transcript of the proceedings to be provided me at state's expense. On April 29, 2015, I received a letter from the clerk of court indicating that my request for a transcript could not be processed. In response I informed the [sic] through correspondence of the difficulty I was experiencing involving the court reporter's reluctance to provide me a transcript. The former presiding judge, Judge Sylvia Hendon, entered an order granting my motion for a complete transcript of the proceedings on April 30, 2015. I filed a motion requesting for additional time to complete the record pursuant to Oh.App.R. 9. I was exercising every precaution to prevent my direct appeal from being dismissed as the reviewing court forewarned me it would do in the event I failed to meet the condition(s) set for the in the admonitions attached to the court's initial scheduling order.
>
> Judge Hendon entered an Order granting my request for time extension to file the transcript on May 12, 2015. However, the new scheduling order issued by her did not adjust the initial deadlines set forth on the journal of the court on April 16, 2015. Subsequently, I filed a Motion For Clarification Of Entry Granting Time Extension to File Transcript to bring the issue to the court's attention. However, Judge Hendon never addressed the merits of that motion.
>
> In addition to granting the time extension to complete the record the presiding judge appointed me an appellate attorney on May 11, 2015. But because counsel remained unresponsive after I repeatedly attempted to correspond with her through letter and phone to discuss the prospective issue(s) I desired for to consider raising in my brief

2

> [sic], I filed a Notification with the presiding judge informing her that Mrs. Mary Elaine Hall (#0051832) had refused to contact, consult, and communicate with me since she was assigned to my case. The implications of the notification clearly pointed out that since the court granted my request for a sixty (60) day time extension to complete the record and appellate counsel was appointed the day prior to the court granting that motion, I believed that Mrs. Hall had more than enough time to both see to it that the record was complete and timely file my brief. However, the trial record clearly reveals that she did not do neither, which compelled me to file my own brief without the benefit of a complete transcript.

(Petition, ECF No. 3.)

Respondent seeks dismissal on the basis of two asserted procedural defaults: (1) failure to prosecute the direct appeal, and (2) failure to timely appeal to the Supreme Court of Ohio (Motion, ECF No. 32.)

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review." *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(internal quotation marks and citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110;

*Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S. Ct. 1847, 158 L.Ed.2d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman,* 501 U.S., at 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Hargrove asserts that the Supreme Court of Ohio did not enforce against him its rule requiring that an appeal be taken within forty-five days of an appellate judgment because Chief Justice O'Connor considered the merits of the motion for delayed appeal before denying it (2nd Reply, ECF No. 34, PageID 446). As evidence of that "consideration" on the merits, Hargrove cites to the August 15, 2018, Entry in Ohio Supreme Court Case No. 2018-0917 which reads in its entirety, "Upon consideration of appellant's motion for delayed appeal, it is ordered by the court that the motion is denied. Accordingly, this cause is dismissed." (State Court Record, ECF No. 31-1, PageID 415.)

Hargrove argues that he is entitled to the benefit of *Harris v. Reed,* 489 U.S. 255 (1989).

> After *Harris*, federal courts . . . will presume there is no independent and adequate state ground for a state court decision when the decision "fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion."

*Coleman v. Thompson*, 501 U.S. 722, 734-35 (1991) quoting *Michigan v. Long*, 463 U.S. 1032, 1040-1041 (1983).

5

The First District Court of Appeals dismissed Hargrove's appeal on August 10, 2015, for failure to comply with a state procedural rule, Ohio R. App. P. 9(B)(Entry of Dismissal, State Court Record, ECF No. 31-1, PageID 414). The Ohio Supreme Court Rules of practice required that an appeal from a decision of a court of appeals be filed within forty-five days of the appellate decision. Hargrove's Motion for Delayed Appeal was not filed until June 28, 2018, almost three years after the appellate decision.

The forty-five day time limit on appeal to Ohio Supreme Court prescribed by S. Ct. Prac. R. 7.01(A)(1) is an adequate and independent state ground of decision. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004). Lack of counsel at that stage, ignorance of the law, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse this default. *Bonilla*, 370 F.3d at 498, citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995), and *Murray v. Carrier,* 477 U.S. 478, 494-95 (1986). "Where a state court is entirely silent as to its reasons for denying requested relief," as when the Ohio Supreme Court denies leave to file a delayed appeal by form entry,[1] the federal courts "assume that the state court would have enforced any applicable procedural bar." *Bonilla,* 370 F.3d at 497, citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). Ohio Sup. Ct. Rep. R. 4.1 provides "The refusal of the Supreme Court to accept any case for review shall not be considered a statement of opinion as to the merits of the law stated by the trial or appellate court from which review is sought," which also militates against reading Chief Justice O'Connor's Entry as reflecting consideration on the merits.

Because Hargrove procedurally defaulted any federal claims presented by his direct appeal when he did not timely appeal to the Supreme Court of Ohio, this Court need not and should not

---

[1] The Entry here is in exactly the same form as this Court routinely sees habeas corpus cases.

reach the merits of those claims.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 25, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).