# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JUDAH HARGROVE,

                Petitioner,      :     Case No. 1:16-cv-1011

- vs -                               District Judge Susan J. Dlott
                                         Magistrate Judge Michael R. Merz

WARDEN,
    Lebanon Correctional Institution,

                Respondent.

## DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 49) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 43). As required by Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* all portions of the Report to which objection has been made.

The Warden had moved to dismiss the Petition as barred by procedural default. The Magistrate Judge concluded Hargrove defaulted his claims by waiting almost three years from dismissal of his case in the Ohio First District Court of Appeals to seek a delayed appeal to the Ohio Supreme Court.

On June 24, 2015, the First District Court of Appeals granted Hargrove permission to proceed *pro se* on appeal (Entry, State Court Record, ECF No. 5, Ex. 14). That Entry modified the briefing schedule on appeal and required Hargrove's *pro se* appellant's brief to be filed by August 10, 2015. A month later Hargrove filed a Notification to Court, complaining of the

performance of his appointed counsel. *Id.* Ex. 15. On August 10, 2015, the First District dismissed the appeal for failure to file a transcript. *Id.* at Ex. 16. On September 2, 2015, Hargrove filed a motion for extension of time to move for reconsideration. *Id.* at Ex. 17. In the alternative, he moved contemporaneously for reconsideration, noting that any failure to file the transcript was the responsibility of his appointed counsel. *Id.* at Ex. 18, PageID 109. The First District overruled that Motion on September 10, 2015. *Id.* at Ex. 19. Hargrove appealed to the Supreme Court of Ohio which declined to accept jurisdiction. *Id.* at Ex. 22.

On November 16, 2015, Hargrove filed an Application for Reopening under Ohio R. App. P. 26(B), claiming he had received ineffective assistance of appellate counsel from his appointed appellate attorney. *Id.* at Ex. 23. The First District denied reopening because the Application had been untimely filed. *Id.* at Ex. 24. So far as the record discloses, Hargrove never appealed from that denial.

Hargrove objects that the Report does not recite his claim that he never received a copy of the June 24, 2015, Entry allowing him to proceed *pro se* on appeal (Objections, ECF No. 49, PageID 513). But that fact, assuming it is proved by the Inmate Mail Log to which Hargrove refers, is not dispositive of his claim. He does not deny that he knew of the August 10, 2015, dismissal of his appeal, nor does he deny that the knew of the February 29, 2016, denial of his 26(B) Application or the March 17, 2016, denial of his motion for reconsideration, yet he did not timely appeal from either of those decisions of the First District. Instead, he filed an original complaint in mandamus in the Supreme Court of Ohio (State Court Record, ECF No. 5, Ex. 29) which that court dismiss. *Id.* at Ex. 33.

At the time the First District issued the June 24, 2015, Entry, Hargrove was still represented by counsel and the Clerk may have sent the entry to counsel. If counsel failed to notify Hargrove

of his obligations to proceed *pro se*, which he had requested, he could have raised that failure in his 26(B) Application, but he did not. Ineffective assistance of appellate counsel will not excuse a procedural default if the ineffective assistance of appellate counsel claim is itself defaulted. *Edwards v. Carpenter*, 529 U.S. 446 (2000).

Petitioner's Objections are thus not well taken and are OVERRULED. The Report is ADOPTED and the case is ordered DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 10, 2019.

*Susan J. Dlott*
Susan J. Dlott
United States District Judge